UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                         :

M.A.V.,                       :

                         :

           Petitioner,        :

                         :           26-cv-2306 (LJL)

      -v-                   :

                         :      MEMORAMDUM AND

LORRAINE M. SNCHEZ, et al.,   :         ORDER

                         :

          Respondents.      :

                         :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/25/2026

LEWIS J. LIMAN, United States District Judge:

On March 20, 2026, Petitioner M.A.V, an 11-year-old child, filed this Petition for a writ of habeas corpus by next of friend Maria Edelina Vimos Rivera ("Rivera") pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.

M.A.V. was encountered by U.S. Customs and Border Protection ("CBP") agents on November 21, 2025, near the Rio Grande Valley with other minors.  Dkt. No. 9-1 ¶ 28.  CBP determined that Petitioner was an Unaccompanied Alien Child ("UAC") as described in 6 U.S.C. § 279, and he was transferred into the custody of the Office of Refugee Resettlement ("ORR") pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 8 U.S.C § 1232. *Id.* ¶ 29.  For the past four months, he has remained in the custody of ORR, detained in a facility in Cayuga Centers, in New York, New York.  *Id.* ¶ 31.  Five days after M.A.V. was detained, ORR identified Rivera as a potential sponsor.  *Id.* ¶ 32.  Rivera has submitted a declaration swearing under oath that she is M.A.V.'s mother and that she is ready, willing, and able to take immediate custody of him and to provide him a safe and stable home.  Dkt. No. 1-1 ¶¶ 1, 7.  She petitions as a next friend for his immediate release.

Respondents oppose the Petition.  Dkt. No. 9.  They claim that the need the results of DNA testing and that after they receive the results of such testing, they will make a determination on Rivera's application for sponsorship and release M.A.V. to her custody "if appropriate based on the results of the DNA testing."  Dkt. No. 9-1 ¶ 46.  Respondents maintain that under the relevant statutes and regulations, M.A.V. "may not" be released until the process for vetting and approving sponsorship has run its course, *see* 8 U.S.C. § 1232(c)(3)(A), and this process requires DNA testing, *see* Dkt. No. 9-1 ¶ 21.

The Court held an initial hearing on this matter on March 25, 2026, during which the parties outlined their respective positions.

Respondents rely on the safety and suitability provisions of the TVPRA, which specify that "an unaccompanied alien child may not be placed with a person or entity unless the Secretary of Health and Human Services makes a determination that the proposed custodian is capably of providing for the child's physical and mental well-being."  8 U.S.C. § 1232(c)(3)(A). The statute adds that "[s]uch determination shall, at a minimum, include verification of the custodian's identity and relationship to the child, if any, as well as an independent finding that the individual has not engaged in any activity that would indicate a potential risk to the child." *Id.*  Pursuant to this statutory command, Subpart C of Title 45 of the Code of Federal Regulations establishes certain "policies and procedures used to release, without unnecessary delay, an unaccompanied child from ORR custody to a vetted and approved sponsor."  45 C.F.R. § 410.1200.

Section 279 of Title 6 of the United States Code, however, defines "unaccompanied alien child" as a child who:

(A) has no lawful immigration status in the United States;

2

(B) has not attained 18 years of age; and

(C) with respect to whom—

> (i) there is no parent or legal guardian in the United States; or

> (ii) no parent or legal guardian in the United States is available to provide care and physical custody.

6 U.S.C. § 279(g).

It appears then that a threshold question is whether the child does not have a parent or legal guardian in the United States available to provide care and physical custody.  On their face, the statutes and regulations upon which Respondents rely cover only "unaccompanied alien children."  Petitioner argues that if a child has a parent in the United States who is available to provide care and custody, *e.g.*, if there is a parent waiting in a hotel just on the other side of the border who is willing to collect the child from the entry point at the border, the Government has no authority under the TVPRA to continue to detain the child and require a DNA test and the like.  Respondents, for their part, raise the concern that, having taken M.A.V. into their custody, they need to take care regarding the person to whom they release that custody.

The Petition presents questions of law and questions of fact.  Is Rivera M.A.V.'s mother? If so, do Respondents continue to have a basis to hold M.A.V. for DNA testing or for any other reason?  Rivera has presented evidence that she is M.A.V.'s mother: She submits a sworn declaration to that effect; Respondents identified Rivera as a sponsor within a week of M.A.V.'s arrival; and Respondents have permitted M.A.V. visitation.  Absent any reason to doubt Rivera's declaration, is there any lawful basis to continue to hold M.A.V.?

It is ORDERED that a hearing is scheduled for March 27, 2026, at 3:00 PM in Courtroom 15C of the 500 Pearl Street Courthouse for the purpose of hearing evidence regarding whether Rivera is M.A.V.'s mother.  Respondents are further ORDERED to answer the Petition by

March 28, 2026.  By way of separate order, the Court will direct Petitioner to be produced for the

hearing.  The Court reserves decision on the legal questions in this case.


SO ORDERED.


Dated: March 25, 2026
       New York, New York

LEWIS J. LIMAN
United States District Judge

4