UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                   :

M.A.V.,                                  :
                                   :

             Plaintiff,            :

                -v-                  :

LORRAINE M. SANCHEZ, et al.,     :

             Respondents.      :
                                   :
-------------------------------------------------------------------X

26-cv-2306 (LJL)

MEMORANDUM AND
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/04/2026

LEWIS J. LIMAN, United States District Judge:

This petition ("Petition") for habeas corpus was filed on March 20, 2026 by Maria

Edelina Vimos Rivera ("Maria") as next friend and on behalf of her son Maykel (also referred to

as "M.A.V." and with Maria, "Petitioners"). Dkt. No. 1. Maykel is an eleven-year-old boy who

was detained on November 21, 2025, after entering the United States without documents, by the

United States Department of Health & Human Services' Office of Refugee Resettlement

("ORR") and thereafter designated an Unaccompanied Alien Child ("UAC"). *Id.* ¶ 4; Dkt No. 9-

1 ¶ 28. He was one of six children, all of whom were determined to be members of the same

family group and who were apprehended and arrested at the same time. Dkt. No. 7 at 1; Dkt. No.

9-1 ¶¶ 28, 31. As early as November 26, 2025, ORR identified Maria as Maykel's mother and as

early as December 10, 2025, ORR received Maria's proof of identity. Dkt. No. 9-1 ¶¶ 32–33.

Maria completed all requirements requested by ORR, including fingerprints and sponsorship

application, in December 2025 and Maria was permitted to visit him in custody. Dkt. No. 1-1

¶¶ 4, 8; Dkt. No. 9-1 ¶¶ 34, 36–37. Yet, ORR refused to release him to his mother's custody

while awaiting the results of a DNA test. Dkt. No. 9-1 ¶¶ 45–46.

In custody, Maykel exhibited clear signs of emotional distress.  Dkt. No. 1-1 ¶ 8. He was placed in a facility supervised by a house mother responsible for multiple children.  Dkt. No. 18-1 ¶ 4.  For approximately four months, he and the other children were confined indoors and not allowed to go outside.  *Id.* ¶ 5.  They had little to no access to fresh air or outdoor activity.  *Id.*  He was required to perform weekly chores, was not allowed to use the bathroom at night, and was not allowed to see his mother more than several times.  *Id.*¶¶ 7–9.  Meals were inadequate and there was ongoing verbal abuse, bullying, and mistreatment by staff towards the children.  *Id.* ¶¶ 10–11.

The Court held a hearing on March 27, 2026.  Dkt. Nos. 11–12.  Prior to the hearing, the Court questioned the need for the results of DNA testing when ORR did not dispute that Maria enjoyed a maternal relationship with Maykel.  If it was undisputed that Maria was Maykel's mother, then Maykel would not be an UAC within the meaning of 6 U.S.C. § 279(g)(2).[1]  On the morning of the hearing, the Government wrote that it had confirmed Maykel's familial relationship with Maia and would release Maykel from custody.  Dkt. No. 13.  The Court adjourned the conference to later in the day pending confirmation of Maykel's release, Dkt. No. 14, and adjourned the hearing *sine die* when the Government confirmed that Maykel had been released, Dkt. No. 15.

This case is now moot.  The Petition sought immediate release of Maykel to his parents or in the alternative an individualized custody determination that he presented a risk of danger or flight.  Dkt. No. 1 at 12–13.  Maykel is no longer suffering the actual injury about which he

---

[1] 6 U.S.C. § 279(g)(2) defines an unaccompanied alien child as "a child who (A) has no lawful immigration status in the United States; (B) has not attained 18 years of age; and (C) with respect to whom (i) there is no parent or legal guardian in the United States; or (ii) no parent or legal guardian in the United States is available to provide care and physical custody."

complained or suffering "any 'collateral consequences adequate to meet Article III's injury-in-fact requirement.'" *Leybinsky v. ICE*, 553 F. App'x 108, 109 (2d Cir. 2014) (summary order) (quoting *Spencer v. Kemna,* 523 U.S. 1, 14 (1998)); *see Pierre-Paul v. Sessions*, 293 F. Supp. 3d 489, 492–93 (S.D.N.Y. 2018) (Nathan, J.) (dismissing habeas corpus petition as moot where petitioner was released and she received the relief sought in the petition).

Petitioners argue that the case is not moot because Respondents have not disavowed the "extra-statutory reunification requirements" they imposed on Petitioners in this case and could impose them on other children. Dkt. No. 18 at 3–4. But Article III requires that there be a case or controversy between the actual parties to the litigation where the plaintiff can demonstrate a "personal injury fairly traceable to the defendant's allegedly unlawful conduct likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751 (1984). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Alvarez v. Smith,* 558 U.S. 87, 93 (2009)). Petitioners do not claim, nor could they, that there exists a reasonable expectation that the alleged violations in this case will recur. *See Saba v. Cuomo*, 535 F. Supp. 3d 282, 293 (S.D.N.Y. 2021) (stating standards for voluntary cessation). The Petition also is not saved from mootness by the exception for conduct capable of repetition yet evading review. Petitioners have not established that there exists a reasonable risk that, now that Maykel has been released to his mother, Maykel will be detained again as an UAC. *See Leybinsky*, 553 F. App'x at 109.[2]

---

[2] Petitioners claim that the case is not moot because they seek a declaratory judgment. But that form of relief does not excuse Petitioners from satisfying the Article III case or controversy requirement. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127–28 (2007).

Electronic access to the file in this case was limited to the parties and their attorneys under Federal Rule of Civil Procedure 5.2(c).  But there is substantial public interest in the Administration's enforcement of the immigration laws.  Accordingly, the parties shall show cause no later than August 11, 2026, why the restrictions set forth in Rule 5.2(c) should not be lifted and the public should not be permitted electronic access to the file in this case, subject, of course, to the redaction of Petitioner's A-number and other personally identifiable information. In the absence of any timely objection, the Court will instruct the Clerk of Court to permit public access to the electronic file of this case and to close the case.

SO ORDERED.

Dated: August 4, 2026
      New York, New York

                                  LEWIS J. LIMAN
                           United States District Judge